Gregory M. Messer
Law Offices of Gregory Messer, PLLC
26 Court Street, Suite 2400
Brooklyn, NY 11242
Tel:  (718) 858-1474
Fax:  (718) 797-5360
gremesser@aol.com
*Attorney for Debtors*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Return Date: December 15, 2015 |
| EASTERN DISTRICT OF NEW YORK | Return Time: 9:30 a.m. |

------------------------------------------------------------X
In re:                                                                             Chapter 7
JACOB PINSON and CHANA PINSON,                          Case No: 14-40212-ess
                Joint Debtors.
------------------------------------------------------------X
METROPOLITAN ESTATES, INC., ALEX
DIKMAN, ALBERT WILK, and EMMONS
AVENUE, LLC, derivatively,
                         Plaintiff,                       Adv. Pro. No. 1-15-01180-ess
    -against-
JACOB PINSON and CHANA PINSON,
                         Defendants.
------------------------------------------------------------X

## ANSWER

Defendants Jacob Pinson ("Jacob") and Chana Pinson ("Chana" and, collectively with Jacob, the "Defendants"), in answer to the Complaint filed against them by Plaintiffs Metropolitan Estates, Inc. ("Metropolitan"), Alex Dikman ("Dikman"), Albert Wilk ("Wilk"), and Emmons Avenue, LLC, derivatively ("Emmons" and, collectively with Metropolitan, Dikman, and Wilk, the "Plaintiffs") on October 27, 2015, hereby responds as follows:

### JURISDICTION AND VENUE

1. Admitted.

2. The Defendants deny that Plaintiffs are entitled to adjudication of this action in any forum other than the United States Bankruptcy Court for the Eastern District of New York, but they admit that this is a core proceeding under 28 U.S.C. § 157(b)(2)(j).

## THE PARTIES

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Admitted.

8. Denied.

## THE JANUARY 13, 2005 AGREEMENT

9. Denied.

10. Denied.

## THE 2006 MODIFICATIONS

11. Denied.

## THE 2007 MODIFICATIONS

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## UNAUTHORIZED CONVEYANCE

18. Denied.

## THE 2008 MODIFICATIONS

19. Denied.

## DEFAULT OF LOANS

20. Denied.

## FAILURE TO ACCOUNT

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied. In addition, the Defendants object to the Plaintiffs' willful failure to comply with Federal Rule of Bankruptcy Procedure 9037, of which the Defendants have repeatedly reminded Plaintiffs throughout this bankruptcy case.

34. Denied. In addition, the Defendants object to the Plaintiffs' willful failure to comply with Federal Rule of Bankruptcy Procedure 9037, of which the Defendants have repeatedly reminded Plaintiffs throughout this bankruptcy case.

35. Denied.

36. Denied.

## FIRST CLAIM FOR RELIEF
### (Nondischargeability based on fraud)

37. The Defendants repeat their responses to each of the foregoing paragraphs as if fully set forth at length herein.

37. Admitted.[1]

38. Denied.

39. Denied.

40. Denied.

## SECOND CLAIM FOR RELIEF
### (Nondischargeability based on Written Statement fraud)

41. The Defendants repeat their responses to each of the foregoing paragraphs as if fully set forth at length herein.

42. Admitted.

43. Denied.

44. Denied.

## THIRD CLAIM FOR RELIEF
### (Nondischargeability based on fraud or defalcation)

45. The Defendants repeat their responses to each of the foregoing paragraphs as if fully set forth at length herein.

46. Admitted.

47. Denied.

## (first) FOURTH CLAIM FOR RELIEF[2]
### (Nondischargeability owing willful and malicious injury)

48. The Defendants repeat their responses to each of the foregoing paragraphs as if

---

[1] The Complaint repeats Paragraph 37. This Answer will continue numbering paragraphs in the same manner as they appear in the Complaint.

[2] The Complaint lists three Fourth Claims for Relief.

fully set forth at length herein.

    49.    Denied.

    50.    Denied.

### (second) FOURTH CLAIM FOR RELIEF
**(Denial of discharge owing to failure to Keep Records)**

    51.    The Defendants repeat their responses to each of the foregoing paragraphs as if fully set forth at length herein.

    52.    Admitted.

    53.    Denied.

    54.    Denied.

### (third) FOURTH CLAIM FOR RELIEF
**(Denial of discharge owing to false oath)**

    55.    The Defendants repeat their responses to each of the foregoing paragraphs as if fully set forth at length herein.

    56.    Admitted.

    57.    Denied.

    58.    Denied.

### (first) FIFTH CLAIM FOR RELIEF[3]
**(Denial of discharge owing to false claim)**

    59.    The Defendants repeat their responses to each of the foregoing paragraphs as if fully set forth at length herein.

    60.    Admitted.

    61.    Denied.

    62.    Denied.

---

[3] The Complaint lists three Fifth Claims for Relief.

## (second) FIFTH CLAIM FOR RELIEF
### (Denial of discharge owing to failure to explain)

59. The Defendants repeat their responses to each of the foregoing paragraphs as if fully set forth at length herein.[4]

60. Admitted.

61. Denied.

62. Denied.

## (third FIFTH CLAIM FOR RELIEF)
### (Denial of discharge owing to failure to explain)

63. The Defendants repeat their responses to each of the foregoing paragraphs as if fully set forth at length herein.

64. Denied.

65. Denied.

66. Denied.

## FIRST AFFIRMATIVE DEFENSE

67. The Complaint fails to state a claim against Chana Pinson.

68. Except for her name in the caption, a mention of "Mrs Pinson" in Paragraph 61 of the second Fifth Claim for Relief, and periodic use of the plural instead of the singular for debtor or defendant, Chana Pinson is not mentioned anywhere in the Complaint.

69. Chana Pinson is neither alleged to have taken any affirmative act, nor alleged to have failed to take any act.

70. In the absence of any allegation regarding any wrongdoing on the part of Chana Pinson, her discharge must be granted.

---

[4] The Complaint returns to Paragraph 59 at the beginning of its second Fifth Claim for Relief.

## SECOND AFFIRMATIVE DEFENSE

71. The Plaintiffs' Second Claim for Relief fails to state a claim upon which relief may be granted.

72. Specifically, it describes no set of facts by which a reasonable trier of fact could determine that the alleged written statement respected the debtor's or an insider's financial condition.

73. Therefore, it must be dismissed.

WHEREFORE, the Debtors respectfully request that the Complaint be dismissed, and that the Court grant such other and further relief as it determines appropriate under the circumstances.

Dated: Brooklyn, New York
November 17, 2015

        Respectfully submitted,

        Law Office of Gregory Messer
        Attorney for the Debtors

By:    *s/ Gregory M. Messer*
        Gregory M. Messer
        26 Court Street, Suite 2400
        Brooklyn, New York 11242
        Tel: (718) 858-1474
        Fax: (718) 797-5360